Surjeet **SINGH**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–73847.

Agency No. A74–651–608.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, Christopher C. Fuller, Nancy E. Friedman, Esq., John D. Williams, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Surjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and review the IJ's reasoning as though it were the BIA's because the BIA explicitly adopted it. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 680 (9th Cir.2003). We review for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000), and deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination as the record contains numerous inconsistencies and implausibilities relating to Singh's assertions that he belonged to the All–India Sikh Student Federation ("AISSF") and participated in certain political activities. For example, Singh testified that he participated in an election boycott held in February of 1992, while a member of the AISSF, yet he repeatedly testified that he joined the AISSF in October of 1992. The record also shows that there are many factions within the AISSF a well-known fact Singh denied. These discrepancies are central to his assertion that he was persecuted on account of his membership in the AISSF and constitute substantial evidence. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Without credible testimony, Singh failed to establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997).

Because Singh failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

R.App. P. 34(a)(2).

302

Singh also failed to establish eligibility for CAT relief because he did not show that it was more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.